IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

JESSICA BRETON, as Personal
Representative of the Estate of
TODD ALAN MOONEY,

      Plaintiff,

vs.                                      CASE NO.:
                                            DIVISION:

KENNETH W. RECHNITZER and HOME
DEPOT U.S.A., INC d/b/a THE HOME
DEPOT PINELLAS PARK #289,

      Defendant.
_____/

## COMPLAINT

Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, by and through the undersigned attorney, hereby sues Defendants, KEN RECHNITZER and HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, and alleges:

## COMMON ALLEGATIONS

1.    This is an action for damages which exceed $50,000.00, and an action brought pursuant to the Florida Wrongful Death Act, Section 768.19, et seq., Florida Statutes.

2.    At all times material hereto, Plaintiff, JESSICA BRETON, was a resident of Pasco County, Florida, and is to be appointed Personal Representative of the Estate of the deceased, TODD ALAN MOONEY, in the Sixth Judicial Circuit of Florida, Pinellas County, Florida.

3.    The Deceased, Todd Alan Mooney, was born on December 25, 1958, and died on or about August 28, 2022.

***ELECTRONICALLY FILED 03/21/2023 06:26:03 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

4. At all times material hereto, Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, was and is a foreign profit corporation doing business in Pinellas County, Florida.

5. At all times material, Defendant, KENNETH W. RECHNITZER, is/was the manager and responsible for the maintenance of the The Home Depot Pinellas Park #0289, located at 4040 Park Blvd., in Pinellas Park, Pinellas County, Florida, and was a resident of Florida.

6. On or about April 23, 2022, Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, is/was the owner and responsible for the maintenance of The Home Depot Pinellas Park #289, located at 4040 Park Blvd., in Pinellas Park, Pinellas County, Florida.

7. At that time and place, the Deceased, TODD ALAN MOONEY, was an invitee/customer when, due the improperly maintained floor, the Deceased's assistive walking device suddenly became lodged in a latent, broken area located in the concrete floor inside the store causing him to fall backwards, hitting his head and back on the floor. No employees came to his aid. The Deceased laid on the ground while he called EMS.

8. As prescribed by his physician, the Deceased, TODD ALAN MOONEY, was on significant pain medication for the injuries he sustained from the incident.

9. As a result of this treatment for the injuries, TODD ALAN MOONEY, died approximately four months after the incident.

10. At all times material hereto, Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, maintained offices in the State of Florida, and owned,

operated, and/or controlled the property located at 4040 Park Blvd., Pinellas Park, Pinellas County, Florida, (the "premises").

11. That as the manager and operator of a business establishment open to the public, Defendant, KENNETH W. RECHNITZER, has a responsibility to maintain or otherwise keep the grounds in and about its business premises in a reasonably safe condition, for the protection of its customers, business invitees and guests, such as the Deceased, so as to not cause harm or injury to any such individuals. The Defendant also had a responsibility to inspect the premises, to correct any dangerous conditions on the premises which it knew or should have known about and which could not have been discovered by the Deceased in the exercise of due care.

12. That the Defendant, KENNETH W. RECHNITZER, further owed a duty to the public in general and to the Deceased, TODD ALAN MOONEY, specifically, to keep the premises in a reasonably safe condition.

13. The negligent condition was known to Defendant, KENNETH W. RECHNITZER, or had existed for a sufficient length of time so that Defendant, KENNETH W. RECHNITZER, should have known of it.

14. Defendant, KENNETH W. RECHNITZER, breached the duties owed to the Plaintiff and was negligent by, but not limited to:

    a.) Allowing a dangerous, hazardous and unsafe condition to exist on the premises, thus presenting an unreasonable danger to its patrons thereon the premises, such as the Deceased, TODD ALAN MOONEY,

    b.) Failing to keep the premises clear of any dangerous conditions,

   c.) Failing to warn the Deceased, TODD ALAN MOONEY, either by posting signs, blocking off the area or otherwise, of the above condition of which it knew or should have known by the exercise of reasonable care, in accordance with its responsibility to individuals such as the Deceased, TODD ALAN MOONEY.

15. At all times material hereto, the Deceased, TODD ALAN MOONEY, was properly and lawfully on the premises of Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, as a customer and business invitee of the premises.

16. That Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, owed a duty to the invitees, including, the Deceased, TODD ALAN MOONEY, to maintain, service, inspect, and otherwise keep in good repair its premises and equipment located at the establishment in question.

17. That as the owner of real property located in a business establishment open to the public, Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, has a responsibility to maintain, service, inspect and/or otherwise keep in good repair the premises located at 4040 Park Blvd., Pinellas Park, Pinellas County, Florida, and therefore maintain the grounds in and its equipment in a reasonably safe condition, for the protection of its customers, business invitees and guests, such as the Deceased, TODD ALAN MOONEY, so as to not cause harm or injury to any such individuals. The Defendant also had a responsibility to inspect its property, to correct any dangers thereon and to warn the Deceased, TODD ALAN MOONEY, of any dangerous conditions of its property or the surrounding grounds, which it knew or should

have known about and which could not have been discovered by the Deceased in the exercise of due care.

18. The negligent condition was known to Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, or had existed for a sufficient length of time so that Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, should have known of it.

19. The Defendant, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, breached the duties owed to the Plaintiff and was negligent by, but not limited to:

    a.) Allowing a dangerous, hazardous and unsafe condition to exist on the premises, thus presenting an unreasonable danger to its patrons thereon the premises, such as Deceased, TODD ALAN MOONEY,

    b.) Failing to keep the premises clear of any dangerous conditions,

    c.) Failing to warn the Deceased, TODD ALAN MOONEY, either by posting signs, blocking off the area or otherwise, of the above condition of which it knew or should have known by the exercise of reasonable care, in accordance with its responsibility to individuals such as the Deceased, TODD ALAN MOONEY,

20. All conditions precedent to this cause of action have occurred, been performed, or have been waived.

**COUNT I**

**(SURVIVAL DAMAGES)**

21. Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, realleges Paragraphs One (1) through Twenty (20) above.

22. In the event a jury determines that the aforesaid negligence did not result in TODD ALAN MOONEY's death, then TODD ALAN MOONEY's estate should be entitled to survival damages as alleged below.

23. As a result of the aforesaid negligence, TODD ALAN MOONEY, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing, and Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, will suffer the losses in the future.  Some or all of the injuries sustained are permanent within a reasonable degree of medical probability. Alternatively, and/or in addition, Plaintiff has significant and permanent loss of an important bodily function, and/or significant and permanent scarring or disfigurement.

**WHEREFORE**, Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, demands judgment against Defendants, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, and KENNETH W. RECHNITZER for damages, costs, interest and such other relief as this Court deems just and proper.  Further, Plaintiff demands trial by jury on all issues.

## COUNT II
**(WRONGFUL DEATH- PAIN AND SUFFERING, ETC.)**

24. Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, realleges Paragraphs One (1) through Twenty (20) above.

25. As a result of the actions of the Defendants, and death of the deceased, JESSICA BRETON, the Daughter of the Deceased, TODD ALAN MOONEY, has suffered and will suffer in the future, mental pain and suffering, loss of companionship, mental anguish, and all other damages allowed pursuant to Section 768.21 et seq., Florida Statutes.

**WHEREFORE**, Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, demands judgment against Defendants, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, and KENNETH W. RECHNITZER for damages, costs, interest and such other relief as this Court deems just and proper. Further, Plaintiff demands trial by jury on all issues.

## COUNT III
### (WRONGUL DEATH-DAMAGES OF THE ESTATE)

26. Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, realleges Paragraphs One (1) through Twenty (20) above.

27. As a direct and proximate result of the actions of the Defendants, and the death of the Deceased, the estate of the deceased has lost all net-accumulations of the decedent's estate, funeral and medical expenses, and all other damages allowed pursuant to section 768.21, et seq., Florida Statutes.

**WHEREFORE**, Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, demands judgment against Defendants, HOME DEPOT U.S.A., INC d/b/a THE HOME DEPOT PINELLAS PARK #289, and

KENNETH W. RECHNITZER for damages, costs, interest, and such other relief as this Court deems just and proper. Further, Plaintiff demands a trial by jury on all issues.

Dated this 21st day of March, 2023.

## NOTICE OF PROVIDING
## E-MAIL ADDRESS FOR SERVICE OF PLEADINGS

PLEASE TAKE NOTICE that the undersigned, as counsel for Plaintiff, JESSICA BRETON, as Personal Representative to be appointed of the Estate of TODD ALAN MOONEY, in accordance with the amendments to Rule 2.516 of the Rules of Judicial Administration, effective September 1, 2012, hereby files this Notice of Providing E-Mail Address for service of pleadings as follows:

**Primary e-mail address: eservice@burnetti.com**

**BURNETTI, P.A.**

By: /s/ Pedro L. Morales
Pedro L. Morales, Esq.
Florida Bar No. 0597074
1000 N. Ashley Drive, Suite 800
Tampa, Florida 33602
Ph: (813) 865-1000
Fax: (813) 664-1600
eservice@burnetti.com
ATTORNEY FOR PLAINTIFF